# REMARKS MADE TO THE PETIT JURY OF THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO, IN THE PONCE DIVISION THEREOF, AT THE JANUARY TERM, 1910.

RODEY, Judge (orally):

Gentlemen of the Jury: Under the law, the oath you have just taken constitutes your body an arm of this court for the administration of justice. It may not be out of place to, at this time, indulge in a few remarks regarding our government and system of jurisprudence and the duties and conduct of jurors as a part of the court. To those of you who have served at your former homes upon juries in any of the states of the Union there will perhaps be nothing new in what the court has to say; but to those of you who were born and raised in Porto Rico, it may be different, and it will be a satisfaction to the court if its remarks carry information to you, or explain situations and conditions which many of you may not have heretofore fully understood or appreciated.

I might say at the outset that this court, although generally understood to be and called by the organic act a court of the United States, has been held by the Supreme Court not to be, in the strictest technical sense, a court of the United States, such as are those courts that are organized under § 1 of article 3 of the Constitution, because it is no doubt organized under clause 2 of

§ 3 of article 4 of that great instrument; but it answers every purpose of such a court, and by the organic act is given not only the jurisdiction of a district and circuit court of the United States, but, under § 3 of the act of Congress of March 2, 1901, additional jurisdiction as well, so that it has come to be known as the Federal court of the island of Porto Rico. There are some anomalies, and, if I may be excused for the criticism, perhaps some incongruities in and about its organization and in and about the mode of paying the salaries of its officers and the expenses of conducting it, but these are matters that, in the wisdom of Congress, were arranged as they are, and are subject to and may be changed whenever it shall suit Congress to do so. To explain to those of you who may not either be aware of it, or who may not have taken the trouble to examine the situation, it may be said that there is, all over the several states of the Union, a system of local or state courts that are full and complete in themselves, and have no, save an incidental, connection with the national courts. In the beginning, the several states delegated to the nation certain powers, and under those powers United States courts, from the Supreme Court, which is created in and by the Constitution itself, down the line, are spread over the entire nation. They consist of district court, circuit courts, and the circuit courts of appeals, the Supreme Court of the United States, of course, being over them all. It is unnecessary, for our present purpose, to say more about these national courts. Under the power given it by the states in article 4 of the Constitution, to dispose of and make all needful rules and regulations respecting the territory or other property of the United States, Congress has, from time to time, created courts for the territories and dependencies. As a general thing heretofore the courts thus

### Remarks Made to the Petit Jury.

created were peculiarly territorial courts of the widest general jurisdiction, into which the United States itself, almost like any other party, came as a prosecutor or a plaintiff and enforced its laws and asserted its rights, and those courts in addition administered justice generally under the local territorial laws, and through its own territorial officers. Only in the case of the territory of Hawaii has a court similar to this been heretofore created. It is intended to occupy the position, as to the local insular courts, that United States courts occupy as to state courts in the several states of the Union. However, in the case of this court in Porto Rico, a radical departure is made, in that the salaries and expenses of the court are paid out of the treasury of Porto Rico, presumably from the large gift of money arising from customs duties which Congress made and continues to make to the island. But notwithstanding this, it was unquestionably the intention of Congress that this court should be, and it is in fact, absolutely independent of the insular government in the carrying out of its functions. This much in explanation of the situation of the court. Now, so that you may begin your duties with a proper appreciation of the situation, it may not be out of place to recall to your minds that the government of the United States and of the several states of the Union is and are essenially governments of law, and not governments of men. No person can possibly be a good citizen, or at least the best sort of a citizen, unless he fully understands, appreciates, and keeps in mind this great truth regarding our government. The system consists of three separate, distinct, and co-ordinate departments or branches,—the executive, the legislative, and the judicial,— neither of which has any right to intrude or encroach upon the field or the prerogatives properly belonging to either of the

Remarks Made to the Petit Jury.

others. Every citizen, in order to have a clear understanding of the government under which we live, must always keep in mind the fact of this functional distinctness of these co-ordinate branches of our system of government.

To those of you who have been accustomed to the procedure obtaining under the civil law, where juries are, as a usual thing, unknown, it often requires an effort to appreciate the fact that the grand and petit juries under the common law or American system, as soon as they are impaneled, are, in and of themselves, a part of the court, and have functions to perform quite as important as those of the judge on the bench. The jury system, in and of itself, exemplifies the statement of the immortal Lincoln when he said that ours is a government of the people, for the people, and by the people. No citizen in any state or in any territory that has been incorporated into the Union, or in this court on this island, can be prosecuted for any crime of the grade of a felony unless he has first been indicted by a grand jury, and unless twelve of the members of that body have concurred in returning the indictment against him. In an address to a grand jury in the district of San Juan, of this court, some few weeks since, I took occasion to explain the duties of the grand jury, and to point out that, in this court on this island, no prosecution can be entertained save for the violation of a law of the United States. As in the States, all crimes against local laws are prosecuted by the sovereign states themselves in their own local courts, so in this island, all crimes for violations of local laws are prosecuted by the proper "fiscal" in the insular courts. Hence, every criminal case that will come before you at this term of this court in this district will be either a prosecution under an indictment that was found by a grand jury of a previous term, as we have

Remarks Made to the Petit Jury.

no grand jury in session here this term, or by an informa-
tion, which form of prosecution is permitted for misdemean-
ors, to be filed by the United States attorney. So, from this
moment forward, gentlemen, it is your duty, and the court re-
quests you, to regard yourselves as an arm of and a part of this
court for the administration of justice. You should hold your
minds as impartial as the judge on the bench. You should not,
from this moment forward, talk with any person with reference
to any case that is liable to come before you, because, should you
do so, you would become disqualified to act, and it would be
necessary to fill the panel by the selection of others which not
only takes time and incommodes the court, but is expensive to
the parties and to the government. Be it said to the credit of all
respectable lawyers, they never interfere with or talk to jurors
about the cases pending or that may come before them, and all
others that attempt to do so will be guilty of a contempt, and it is
your duty to prevent any such interference with the progress of
the administration of justice by notifying any person who at-
tempts to talk to you about pending litigation, that you are jurors
and that they must desist; and should they persist in their en-
deavors to communicate alleged facts concerning any case to you,
it would be your duty to report such persons to the court, when
they will be dealt with as their conduct deserves. You should
appreciate that only when justice is administered honestly can
the government be properly carried on, and therefore you should,
in all cases, maintain an impartial position between the litigants,
and not finally lean to one side or the other, until you have heard
all of the evidence, the arguments of counsel, and the instructions
of the court. Experience has demonstrated that it is much better
for jurors, once they are selected to try a case, to listen to the

Remarks Made to the Petit Jury.

evidence patiently during the trial, and to not express their opinions or talk among themselves about the case during the trial or during adjournments, or until the case has been finally submitted to them. No one can foretell how varying evidence may affect the cause, and every impartial juror, as well as every impartial judge, may often have to change positions mentally several times during a trial, as evidence may be produced to outweigh the facts theretofore seeming to be conclusively proved. Hence, it is better that jurors refrain from expressing themselves or talking to each other about a case until it is finally submitted to them, so that no controversies may arise between them before all the evidence has been put in; so that their first statement or vote when they go to their quarters to deliberate will be the first expression of their several views to each other. When jurors do not do this, they often get up antagonisms that are sometimes hard to reconcile, because human nature is such as that he who has expressed an opinion is often prone to stick to it against the arguments of others. You should at all times during a trial have a proper appreciation of the situation. You must never forget that both yourselves and the judge must be absolutely impartial. Jurors must also never forget that counsel trying a cause are advocating but one side of it, and that it is the duty of all respectable counsel to present view points which the jury itself may not have thought of. It is not to be wondered at that counsel who have talked with the witnesses on their side, and their own clients, and that have had to do with the case long before it was filed in the court, often are able, and in fact it is their duty, to aid the court and the jury in arriving at a proper solution of the controversy. A full appreciation of this fact will enable any jury to better measure the view points which they

### Remarks Made to the Petit Jury.

will get from the arguments of counsel on both sides of any particular case. Another matter the court desires to call your particular attention to is that jurors should never forget that they are not witnesses in any case. A juror knowing anything about a case should make that fact known when he is being examined, to determine if he is a qualified juror to sit in the case. If any juror knows of facts connected with the case, it is wholly unfair to the party against whom that knowledge may militate, for such juror to sit in the case at all, or for the juror to make such facts known to his fellows in their private quarters where you go to deliberate. The opposing party has had no chance to cross-examine such a juror, or to introduce any evidence to rebut or contradict any testimony a juror should so present to his fellows. No wrong could be greater than for any juror to do a thing like this. If he is a witness in the case, he should not at the same time be a juror, and should disqualify himself at the start, so as to give the side his knowledge may favor an opportunity to call him as a witness if it is so desired. Another point that I desire to call your attention to is that, as you are an arm of the court, and as you must, of necessity, indulge in arguments between yourselves in your private quarters, and often will have to take many votes, in which some of you will honestly and properly change your positions after hearing the arguments of your fellows, it is perhaps as well that you should not afterwards disclose how any of you voted or what arguments brought about your decision. I am not certain that there is any absolute law against such disclosures, but many years of experience have demonstrated that such disclosures seldom do real good, and only result in embarrassments and hard feelings where there is no necessity that any such situation should be

brought about. The court therefore advises you to not disclose how any of you voted or argued in your deliberations. No consciences but yours are bound by an oath in deciding any case that is submitted to you. When honest jurors respect the secrets of their private deliberations, it conduces to an *esprit de corps* that can result only in good. Of course, there may be cases where it would not only be proper and right for jurors to disclose such things, but even their duty to do so; but such cases are very rare and will disclose themselves when they arise.

It is fundamental in law that the court is the judge of the law in every case, and the jury is absolutely the judge of the facts in every case that is submitted to them.

Under our system of jurisprudence, in this court there is a large amount of what is called equity litigation, which is carried on by the court itself, or by either an examiner or master in chancery under it, in which juries take no part, and therefore it will be unnecessary for the court to make an effort here to explain to you the difference between law and equity, as only suits at law or questions of fact in equity are ever submitted to any jury. Any case that is submitted to you must, of necessity, be from the law side of the calendar, unless it happens that a question of fact in an equity suit should be sent to you, which is not likely to occur. Another matter I desire to impress upon your minds is that, under our system of government, the legislature alone makes the law. Of course, as to this court, in all criminal prosecutions Congress makes the law, and it also makes the law in many civil proceedings in this court; but the local legislative assembly in the majority of cases enacts the law that applies to civil proceedings that are carried on in this court whenever it has jurisdiction. This is especially the case in civil suits that also

### Remarks Made to the Petit Jury.

will be submitted to you, but there will also be some civil suits arising under national laws submitted to you.

It is fundamental under our system, that the jury must take the law from the court, and must itself, under the instructions of the court, find the facts from the evidence before it. In this regard the jury has to hear the testimony, examine the exhibits, consider conflicts that occur between witnesses who are often honest and often dishonest in what they have to say. Of this you must be the judges. You will, however, often find it possible to reconcile evidence of witnesses instead of importing untruthfulness to either. Many cases will be given you where you, of necessity, when you find the facts, must apply the law to such facts, as the same is given to you by the court. In every case you will be sworn to do this, and a failure to so do upon your part would result in a maladministration of justice and often result in your verdict being set aside by the court itself. Do not be surprised, gentlemen, if, during this term of court, it shall occur often in the middle of a trial that the court takes the case away from you and instructs one of your number to sign a verdict in favor of one of the parties. Many times during trials counsel upon one side or the other will make a motion and ask that you be permitted to withdraw while the same is argued. This is done so that you may not be affected by the arguments or contentions of counsel on questions of law, with which you have no concern, as the court is responsible for that. Often when you are recalled, the court will end the case by instructing a verdict for one or other of the parties. This occurs because it is the law that, whenever the facts are such as that, when the law is applied to such facts by the court, only one sort of a verdict is authorized, in such

### Remarks Made to the Petit Jury.

cases it is the court's duty to at once take the case away from the jury by writing out a verdict for you and having you sign it for the party that is entitled to recover. You can see the wisdom of this, because should you, through any mistaken view of the law, find for the opposite party, the court would be obliged to set the verdict aside. Your attention is called to this at this time so that when such a state of affairs exists, it is the court's duty to, in the first instance, take it away from you by instructing a verdict. You will notice that the lawyers for the parties will abide and acquiesce in this action of the court, as is their duty, because they know that they as well as the jury must take the law from the court. The lawyer against whose client a verdict is instructed to-day may be the one who will ask that a verdict be instructed in favor of his client to-morrow. Another fact I desire to impress upon you is that, realizing, as you do, that in a government of the people where juries take such a large part in the administration of justice, it is important that litigation should be carried on with the minimum of expense to the government and to the parties, and hence the court keeps in attendance at every session a minimum number of jurors, so that, if it happens that any considerable number disqualify themselves, it is often necessary to send out for additional jurors or call bystanders to take the places of those who thus step aside. Hence it would be a violation of your oaths if any of you, from this moment forward, for any unworthy reason, should disqualify yourselves or search for any information that would disqualify you. This is a reason why you should hold yourselves aloof from all conversations regarding litigation thus pending. All counsel will, of course, respect your positions in this regard, and their clients must do so.

V. Porto Rico—20.

### Remarks Made to the Petit Jury.

Another subject I desire to mention, and in addition your attention will be called to the same situation in every case that is submitted to you, and that is that all litigants, whatever their race or condition may be, are entitled to exactly equal rights before the court and before you. Hence you should not permit yourselves to be influenced in the least by the prominence or lack of prominence in the community of any litigant or any witness, or by the richness or poverty of any party to any suit, or by the fact of whether the plaintiff or the defendant may be an individual or a corporation; and I might say here to the credit of Porto Rican jurors, that I have noticed none of the prejudice among them that is conceded to often exist in the minds of juries against corporations, as such, in many of the states of the Union. As to their rights, corporations and individuals should be considered from an equally impartial standpoint by all juries. Neither should you permit your acquaintance with the attorneys or with the parties, or your lack of acquaintance with either of them, to have of itself the least influence in the rendition of your verdict. To permit such unworthy considerations to outweigh the evidence in any case, or to influence you in the least, or for you to have a fear in your minds of rendering a just verdict because of the fact that it may please or displease any of the parties, whether they are your neighbors or your friends or your enemies, would be a species of moral cowardice, the exercise of which would make a farce out of the administration of justice. No party to any suit, or his counsel, has any right to expect any verdict save a just one at your hands, and they have no right to call you to account for your action. Suits would not exist if people always agreed, and it is to settle disputes that twelve honest and inde-

Remarks Made to the Petit Jury.

pendent men sit in every case; so no one's conscience but yours is bound to render an impartial verdict in any case. Therefore, whatever the views of counsel, or the parties, or their friends or enemies, or the witnesses may be, or whatever general public opinion in the community may be, you should not permit any of those things, as such, to affect you in the least. Such persons are not bound by a solemn oath, as you are, and such persons have not paid strict attention to all details of the evidence, as you have, and hence they are not competent and have no duty in the cause, as you have, and you have no obligation to them or their views save as the facts and the law, under your solemn oaths, shall warrant. Time and experience have demonstrated that when twelve men such as you are, in the secrecy of your deliberating room, after having sat through a trial impartially, arrive at a verdict in any cause, such fact goes far to reconcile the party against whom the verdict may be, to acquiesce in the result. When a single judge decides a case, while it may be acquiesced in, the parties are not always completely satisfied; but when twelve good men and true, not dominated by unworthy motives, mistake, passion, or prejudice, pass upon questions of fact and arrive at a verdict, he is indeed a poor citizen who does not accord to such a solution of the problem the highest respect. It is government of the people and by the people.

The court will, in every criminal case that will come before you, instruct you as to the rules of law regarding the meaning of a reasonable doubt, and in every civil case that comes before you will define the meaning of a preponderance of the evidence, so as to guide you in arriving at conclusions. The just verdicts of juries discourage litigation, while unjust ones dissatisfy

### Remarks Made to the Petit Jury.

the parties; hence the necessity for the greatest care in arriving at proper conclusions. You should never become imbued with the excited feelings of counsel or the parties to any suit; to the extent that you do so, the chances will be against a proper conclusion. You must never forget that courts are instituted to secure and preserve the rights of citizens, and that they are not created specially to enhance the incomes of lawyers, or to enable any citizen to harass or oppress another, or to deprive any person of his liberty or his property save for just cause and in accordance with right and justice and by due process of law.

In every cause, and particularly in civil cases, jurors should make an honest effort to agree upon a verdict; they should deliberate together and exchange views; and those who are of one opinion should give reasons to the others for entertaining it, and endeavor to induce such other jurors to agree with them; or, should they become convinced they are wrong, they should unhesitatingly agree with their fellows, so as to arrive at a proper verdict. It is not intended by this statement that any juror in any case should give up his opinion to the views of others if he honestly believes that injustice would supervene by his so doing, but it is only intended to point out that it is the duty of jurors to deliberate as good citizens and good, honest, conscientious jurors and practical men endeavor to honestly and properly solve the questions before them, instead of stubbornly standing to one side and expressing no opinion, and giving their fellows no reason for entertaining the views they have. When a jury fails to agree, the case has to be put back on the docket for another trial at some future time, and this results in delay and expense both to the parties and the government.

### Remarks Made to the Petit Jury.

When you are called into the box with a view to being impaneled in any case, it is an absolute duty for each one of you to answer every question propounded by the court or counsel touching your qualifications to serve as jurors. You should truthfully state whether you have formed or expressed any opinion, or whether you are prejudiced for any cause, or whether you are related to the parties, and you must disclose any reason you may know to exist why you could not sit and impartially try the case. It is a high crime for a juror to deny his partiality and sit in any case with an unworthy motive. No honest man would do it.

No crime can be greater against the honest administration of justice than for a juror to remain silent and permit himself to be impaneled in a case in which he has formed or expressed an opinion. Such a man cannot be impartial between the parties. If jurors should indulge in this sort of practice, and be it said to their credit they seldom do, it would inevitably lessen the respect in which courts are held by the people in the community, and would always result in injustice to one side or the other of the litigation.

One thing above all that I desire to impress upon you is that it is the duty of courts and juries to administer the law as they find it. Courts and juries, in their administration of it, have no right to disagree with the policy of a law. We may not like a law, but, as we are not legislators, and as it does not belong to us to make law, we must administer it as we find it. There has been some talk that certain national laws regarding prosecutions against lotteries, etc., are not popular with the people on this island, and that it is hard to secure convictions therefor. I do not admit this, but if it is to any extent so, I warn you that the law obliges you, as it obliges this court, to administer the

Remarks Made to the Petit Jury.

law as we find it upon the statute books; and that if it is the desire of the people to have any law changed or repealed, their remedy is by petition to Congress. However, Congress is wise about such things, and it will be found in the long run that the laws it enacts for the territories and dependencies are for the best.

I take particular pleasure in stating to you, gentlemen, basing the statement upon my three-and-a-half years' experience as judge of this court, and my many years' experience as a practising lawyer in New Mexico and other territories, that Porto Rican jurors, as a class, are as fair and as impartial and as devoted to duty as any jurors it has been my lot to come in contact with. I firmly believe that the American flag was put over this island to stay as long as our nation shall last, which we hope is forever, and I regret deeply as any one of you that Congress, in its wisdom, did not make all Porto Ricans collectively citizens of the United States at the time of the treaty of Paris, or at least at the date of the passage of the organic act. However, conditions in that regard were not so hard until the new naturalization law of June 29, 1906, by implication, at least, took the power away from this court to naturalize anyone in the island, including Porto Ricans. I did all I could to correct this situation by urging Congress to amend the law regarding it and by making a special trip to Chicago in June, 1908, and helping to secure a plank to that effect in the platform of the Republican party at the national convention. It is hoped that this will be done, in justice to the people of this island, without further delay; but, of course, of that Congress is the judge.

You may now take your seats in the body of the court room, for you are liable to be called to serve in a case within a short time.